IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILIP M. ROSS, INDIVIDUALLY AND D/B/A SCIENTIFIC PARANORMAL INVSETIGATIVE RESEARCH INSTITUTE OF TEXAS;<br><br>*Plaintiff,*<br><br>vs.<br><br>HON. CHARLES A. STEPHENS II, IN HIS OFFICIAL CAPACITY AS JUDGE, COUNTY COURT-AT-LAW NO. 2, COMAL COUNTY, TEXAS; AND TONI MORTON, IN HER OFFICIAL CAPACITY AS PROFESSIONAL GUARDIAN, TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES GUARDIANSHIP PROGRAM;<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § | SA-24-CV-01460-FB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action and Plaintiff's Motion for Leave to File Second Amended Original Complaint [#8]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned will **GRANT** Plaintiff's Motion for Leave to File Second Amended Original Complaint [#8] but will recommend that this case be **dismissed** for lack of subject matter jurisdiction.

## I.     Procedural Background

Plaintiff Philip M. Ross, proceeding *pro se*, filed this cause of action on December 20, 2024 [#1] and filed an Amended Complaint on January 17, 2025 [#6]. On March 28, 2025, the Court ordered Ross to show cause for his failure to serve Defendants or to request an extension of time for service [#7]. On April 7, 2025, Ross filed a Motion for Leave to File Second Amended Original Complaint [#8] and included in his motion that he "conferred with counsel for defendants, who agreed to waive service of summons." (Motion for Leave [#8], ¶ 1.) He also represents that before he could file a waiver or service of summons, Shelley Thomson, who was a necessary party to his request for injunctive relief, died. (Motion for Leave [#8], ¶ 1.) Due to her death, his Second Amended Original Complaint [#8-2] removes his request for injunctive relief and now only seeks damages.

## II.     Factual Allegations

In May 2019, Shelley Thomson was found mentally incapacitated by Judge Charles A. Stephens, presiding judge of the Comal County Court at Law No. 2. (Second Am. Compl. [#8-2], ¶ 4.3.) Shortly thereafter, Judge Stephens appointed Toni Morton to be Thomson's permanent guardian. (Second Am. Compl. [#8-2], ¶ 4.3.) Plaintiff Philip M. Ross alleges that the next month, Thomson hired him to be her lawyer. (Second Am. Compl. [#8-2], ¶ 4.4.) Given his earlier ruling on Thomson's mental capacity, Judge Stephens did not allow Ross to represent her and issued a temporary restraining order barring him from having any contact with Thomson, unless approved by her guardian. (Second Am. Compl. [#8-2], ¶ 4.4.) Ross appealed Judge Stephens's orders, "which were sustained by the 13th Court of Appeals of Texas, and petitions for review were denied by the Texas Supreme Court." (Second Am. Compl. [#8-2], ¶ 4.5.)

In March 2023, Ross retired from the practice of law. (Second Am. Compl. [#8-2], ¶ 4.11.) That same year, Ross gave written notice to Morton and Judge Stephens that he was "available for appointment as a successor guardian of Thomson's person." (Second Am. Compl. [#8-2], ¶ 4.12.) Morton objected to his appointment, and "Judge Stephens declined to consider" Ross's qualifications. (Second Am. Compl. [#8-2], ¶ 4.12.)

In June 2024, more than five years after Thomson had been found legally incompetent, Ross "decided to offer Thomson part-time employment." (Second Am. Compl. [#8-2], ¶ 4.13.) Ross alleges that Thomson "agreed" and that they signed an employment contract. (Second Am. Compl. [#8-2], ¶ 4.13.) Ross states that he notified Morton through her legal counsel and requested approval of the employment relationship. (Second Am. Compl. [#8-2], ¶ 4.13.) Ross pleads that Morton "failed or refused to approve his offer of employment" and that Judge Stephens "failed or refused to supervise Morton," and he claims that these actions violated Ross's and Thomson's civil rights. (Second Am. Compl. [#8-2], ¶ 4.16.) According to Ross, Judge Stephen's and Morton's actions were "motivated by [Ross's] public advocacy" for the civil rights of persons under guardianship. (Second Am. Compl. [#8-2], ¶ 4.23–4.24.) Ross seeks nominal damages for violations of his constitutional rights, pre-judgment and post-judgment interest, and punitive or exemplary damages. (Second Am. Compl. [#8-2], ¶ 8.1.)

### III.     Analysis

This case should be dismissed for lack of subject matter jurisdiction. A federal court has an obligation to evaluate its subject matter jurisdiction and to do so *sua sponte*, meaning on its own motion. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal Rule of Civil Procedure 12(h)(3) directs a court to dismiss an action at any time it determines that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Ross's Second Amended Original Complaint asserts that the Court has federal question jurisdiction because Ross is suing Defendants under 42 U.S.C. § 1983. (Second Amended Original Complaint [#8-2], ¶ 2.1.) Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). A federal question is presented only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28).

Although Plaintiff has asserted claims under Section 1983, this Court lacks subject matter jurisdiction over Plaintiff's lawsuit under the *Rooker-Feldman* doctrine, which deprives federal courts of jurisdiction for certain Section 1983 claims. Specifically, the *Rooker-Feldman* doctrine prohibits a plaintiff from using the federal courts as an avenue to attack an unfavorable outcome obtained in state court. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."). Although Ross argues that he is "not requesting this Court . . . interfere with state court judicial functions related to guardianship," the allegations in his pleading *solely* relate to decisions made by Judge Stephens and Thomson's court-appointed guardian regarding her guardianship. He contends that they violated his rights, that they harmed him, and that he is entitled to damages. (Second Am. Compl. [#8-2], ¶¶ 4.18, 4.22–24, 4.31–32.)

4

It is true that the Fifth Circuit has recognized that there are some circumstances in which a federal lawsuit challenging a state court judgment would not be barred under *Rooker-Feldman*. *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). For a plaintiff to survive *Rooker-Feldman*'s bar, however, there must be alleged injuries caused by something other than the state court judgment itself. *Id.* A plaintiff may not "cast[] [his] complaint in the form of a civil rights action [to] circumvent this rule." *Liedtke*, 18 F.3d at 317. Rather, if constitutional questions arise in state court proceedings, those questions are to be resolved by the appropriate state appellate court. *Id.* Once that avenue of review has been taken, the only available federal recourse is an application for a writ of certiorari to the United States Supreme Court—not a lawsuit in federal district court. *Id.* Thus, because Ross's lawsuit asks this Court to review the decisions made by a county judge, it should *sua sponte* dismiss the case for lack of subject matter jurisdiction.[1]

### IV.    Conclusion and Recommendation

Having considered the facts alleged in Plaintiff's Second Amended Complaint, the undersigned concludes that there is no subject matter jurisdiction over this case and therefore recommends that this case be **DISMISSED**.

**IT IS ALSO ORDERED** that Plaintiff's Motion for Leave to File Second Amended Original Complaint [#8] is **GRANTED**. The Clerk is directed to docket Plaintiff's Second Amended Complaint [#8-2].

---

[1] Even if *Rooker-Feldman* did not bar this suit, the judge and guardian are likely entitled to immunity, as the allegations all relate to their actions in their judicial and quasi-judicial capacities.

## V.   Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 28th day of April, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE